United States Court of Appeals
Fifth Circuit

**F I L E D**

June 20, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-41549
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SILVESTRE OCAMPO-SOTELO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:05-CR-173-ALL
--------------------

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Silvestre Ocampo-Sotelo (Ocampo) appeals his sentence for
illegal reentry in violation of 8 U.S.C. § 1326(a) and (b).
Ocampo challenges the constitutionality of § 1326(b)'s treatment
of prior felony and aggravated felony convictions as sentencing
factors rather than elements of the offense that must be found by
a jury in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).
The Government argues that the waiver provision in Ocampo's plea
agreement precludes his attack on the constitutionality of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1326(b) and that, as a result of the waiver, Ocampo lacks standing to challenge the constitutionality of § 1326(b).  We assume, _arguendo_ only, that the waiver does not bar the instant appeal.

Ocampo's constitutional challenge is foreclosed by _Almendarez-Torres v. United States_, 523 U.S. 224, 235 (1998).  Although Ocampo contends that _Almendarez-Torres_ was incorrectly decided and that a majority of the Supreme Court would overrule _Almendarez-Torres_ in light of _Apprendi_, we have repeatedly rejected such arguments on the basis that _Almendarez-Torres_ remains binding.  _See_ _United States v. Garza-Lopez_, 410 F.3d 268, 276 (5th Cir.), _cert. denied_, 126 S. Ct. 298 (2005).  Ocampo properly concedes that his argument is foreclosed in light of _Almendarez-Torres_ and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.